UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: THEODORE ESCALANTE, JR. and
JULIE ESCALANTE,

No. 7-10-10837 JL

Debtors.

KAREN BILLINGS,

Plaintiff,

v.

Adversary No. 10-1147 J

THEODORE G. ESCALANTE, d/b/a
ABBA MASONRY,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Plaintiff's Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment (together, "Motion for Summary Judgment"). *See* Docket Nos. 11 and 12. Defendant, Theodore G. Escalante, d/b/a Abba Masonry, who is representing himself in this adversary proceeding *pro se,* did not file a response to the Motion for Summary Judgment. Plaintiff, Karen Billings, represented by Watson Law Office, LLC (Matthew G. Watson), asserts that Defendant misrepresented to Plaintiff that he was licensed to perform roofing work, that the roofing repairs Plaintiff contracted with Defendant to complete on her home were improperly performed, and that the damages she incurred as a result of Defendant's misrepresentation are non-dischargeable under 11 U.S.C. § 523(a)(2)(A). Plaintiff seeks a determination of non-dischargeability of a debt, but does not ask this Court to liquidate the debt or to grant a money judgment.

The Court held a final hearing on the Motion for Summary Judgment on May 23, 2011, at which the Defendant and counsel for the Plaintiff appeared, and took the matter under

advisement. The Court has considered 1) the Motion for Summary Judgment; 2) the supporting affidavits of Rudy Mendez and Karen Billings; and 3) and Mr. Escalante's representations at the final hearing which are consistent with the admissions contained in his deposition offered by Plaintiff in support of the Motion for Summary Judgment. Upon review of the submissions now before the Court and being otherwise sufficiently informed, the Court finds that a genuine issue of material fact precludes the entry of summary judgment in favor of Plaintiff.

SUMMARY JUDGMENT STANDARDS

It is appropriate for the Court to grant summary judgment if the pleadings, discovery materials, and any affidavits before the Court show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c) made applicable to the adversary proceeding by Fed.R.Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Even when a motion for summary judgment is unopposed, the Court must nevertheless satisfy itself that the moving party is entitled to summary judgment.[1] In determining whether to grant a movant's request for summary judgment, the Court must view the facts in the light most favorable to the party opposing summary judgment.[2]

---

[1] *See Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002)(stating that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.").
[2] *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 995 (10th Cir. BAP 2 007)("When applying this standard, we are instructed to 'examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' "); *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990)(internal quotation marks omitted); *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994)(stating that the court must "view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party . . .").

## FACTS NOT SUBJECT TO GENUINE DISPUTE

The following facts are not in genuine dispute:

1. Sometime in 2009, upon referral by Rudy Mendez, Plaintiff approached Defendant about repairs she needed to be done on her roof.

2. Rudy Mendez is Defendant's former father-in-law.

3. Defendant provided Plaintiff with a proposal to perform the roofing repair for $24,000.00.

4. Plaintiff rejected this proposal because the price was too high.

5. Defendant later provided Plaintiff with a revised proposal to repair the roof for $13,800.00.

6. Plaintiff accepted Defendant's proposal to repair the roof for $13,800.00.

7. Defendant has a GS-16 license for masonry.

8. Defendant does not have a general contractor's license.

9. Defendant did not have a general contractor's license at the time the parties entered into the agreement to repair Plaintiff's roof and did not have a general contractor's license at the time the roof repairs were performed on Plaintiff's roof.

10. Defendant does not have a license to perform roofing work or repairs.

11. Defendant did not have a roofing license at the time the parties entered into the agreement to repair Plaintiff's roof and did not have a roofing license at the time the roof repairs were performed on Plaintiff's roof.

12. Defendant did not personally perform any of the roof repairs on Plaintiff's home.

13. Defendant claims to have subcontracted the roofing work and repairs on Plaintiff home to Raul Tena.

14. Defendant relied on Mr. Tena to perform the work and obtain any necessary permits and inspections.

15. No permits were obtained for the work Mr. Tena performed on Plaintiff's home.

16. Plaintiff paid Defendant $13,800.00 for the roofing work and repairs done to her home.

17. Defendant paid Raul Tena $6,600.00 for the work he performed on Plaintiff's home and retained the remaining $7,200.00 from the $13,800.00 Plaintiff paid to Defendant.

18. Plaintiff's roof leaked several times after the repairs were made to her roof under her agreement with Defendant.

DISCUSSION

Plaintiff contends that her claim is non-dischargeable under 11 U.S.C. § 523(a)(2)(A). That section provides:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt - -
>     (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by ---
>         (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtors' or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

To prevail under this section, a creditor must demonstrate by a preponderance of the evidence that :1) the debtor made a false representation, the debtor made the representation with the intent to deceive the creditor; 3) the creditor relied on the representation; 4) the creditor's reliance was justifiable; and 5) the debtor's representation caused the creditor to sustain a loss.[3] "False

---
[3] *See Fowler Bros v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996) (the required elements under 11 U.S.C. § 523(a)(2)(A) are: "1) [t]he debtor made a false representation; the debtor made the representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was [justifiable]; and

4

representations are 'representations knowingly and fraudulently made that give rise to the debt.'"[4]  False pretenses, as distinguished from false representations, "involve[ ] an implied misrepresentation that is meant to create and foster a false impression."[5]   In other words, "a 'false pretense' is an 'implied misrepresentation or conduct which creates and fosters a false impression, as distinguished from a 'false representation' which is an express misrepresentation.'"[6]  A misrepresentation of fact may be implied from silence.[7]  The failure of a contractor to disclose to an unsophisticated consumer that he was not licensed to perform the work contracted for can constitute an implied misrepresentation for purposes of 11 U.S.C. § 523(a)(2)(A).[8]

Genuine issues of material fact preclude summary judgment on the elements of misrepresentation and justifiable reliance.    Plaintiff's Affidavit  states that Defendant never told her that he was not licensed to do roofing work and did not tell her that he planned to subcontract the work to someone else.  *See* Affidavit of Karen Bilings – Exhibit A, ¶ 8.  Plaintiff's Affidavit

---

the debtor's representation caused the creditor to sustain a loss."); *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d. 351 (1995) (changing the standard of reliance under 11 U.S.C. § 523(a)(2)(A) from "reasonable" to "justifiable.").  *See also, In re Riebesell,* 586 F.3d 782, 789 (10th Cir. 2009)(same).

[4] *Adams County Dept. of Soc. Services v. Sutherland-Minor (In re Sutherland-Minor)*, 345 B.R. 348, 354 (Bankr.D.Colo. 2006)(quoting *Cobb v. Lewis (In re Lewis)*, 271 B.R. 877, 885 (10th Cir. BAP 2002)).

[5] *Gordon v. Bruce (In re Bruce)*, 262 B.R. 632, 636 (Bankr.W.D.Pa. 2001)(citing *In re Scarlata*, 127 B.R. 1004, 1009 (N.D. Ill. 1991)).

[6] *See Stevens v. Antonious (In re Antonious)*, 358 B.R. 172, 182 (Bankr.E.D.Pa.2006)(quoting *In re Haining,* 119 B.R. 460, 463-464 (Bankr.D.Del. 1990)(remaining citations omitted).  *See also, Vaks v. Grenier (In re Grenier)*, 2009 WL 763352, *10 (Bankr.D.Mass.  March 19, 2009).

[7] *See Parker v. Grant (In re Grant),* 237 B.R. 97, 113 (Bankr.E.D.Va. 1999)(stating that "no overt misrepresentation is required under § 523(a)(2)(A); a misrepresentation regarding a material fact may be implied from one's silence.")(citing *In re Kahler,* 187 B.R. 508, 512 (Bankr.E.D.Va. 1995)(remaining citations omitted).

[8] *See Peterson v. Bozzano (In re Bozzano)*, 173 B.R. 990, 994 (Bankr. M.D.N.C. 1994), *abrogated on other grounds by Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998)(a general contractor has a duty to disclose that he does not hold a required contractor's license; a failure to make such disclosure constitutes a misrepresentation); *Grenier*, 2009 WL 763352 at *19 (finding that a contractor has a duty to disclose his lack of a license during negotiations).  *See also, Sinha v. Clark (In re Clark),* 330 B.R. 702,  707-708 (Bankr.C.D.Ill. 2005)(contractor's false representation to creditor that he was licensed and insured was sufficient for purposes of 11 U.S.C. § 523(a)(2)(A)); *McCain v. Fuselier (In re Fuselier),* 211 B.R. 540, 545 (Bankr.W.D.La. 1997)(finding that the debtor knowingly misrepresented to creditors that he had a general contractor's license and holding that the debt at issue was non-dischargeable under §523(a)(2)(A)); *Coots v. Brooker (In re Coots)*, 1992 WL 77760, *3 (Bankr. E.D.Pa. Apr. 9, 1992)(finding that defendant who was an unlicensed handyman "expressly and by clear implication, represented that he was legally and physically able to perform the contract engagement in question.").

5

further states that at the time she accepted Defendant's proposal, she understood that Defendant would perform all the work and repairs, that he was capable of performing the work and repairs, and that he met all the requirements, such as having the proper license to perform the roofing work and repairs to her home. *Id.* at ¶ 7.  The Affidavit of Rudy Mendez also states that Defendant never told him that he did not have a roofing license.  *See* Affidavit of Rudy Mendez – Exhibit B, ¶ B.  Despite the Affidavits of Plaintiff and Rudy Mendez, whether Plaintiff in fact knew that Defendant was not properly licensed is not undisputed.

Defendant's Answer to Karen Billings' Complaint to Determine Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) ("Answer") affirmatively states that Plaintiff was aware that Defendant did not have a license.  *See* Answer – Docket No. 5, ¶¶ 1 and 17.  Under Rule 56(c)(A), made applicable to adversary proceedings by Rule 7056, Fed.R.Bakr.P.,  a party opposing summary judgment who asserts that a fact is genuinely disputed,

> must support the assertion by citing to particular materials in the record, including depositions . . . interrogatory answers or other materials . . .
>
> Rule 56(c)(1)(A), Fed.R.Civ.P.

Defendant's deposition testimony and answers to interrogatories also put at issue Plaintiff's knowledge of whether Defendant was not licensed.  For example, in the Deposition of Theodoro Escalante, Jr. ("Escalante Deposition"),  attached as Exhibit C to Plaintiff's Motion for Summary Judgment, Defendant testified as follows:

> Like I mentioned before, I had told Rudy [Mendez], I don't have a license, you know, I don't want to do it.
>
> Escalante Deposition, p. 23, lines 3 -4.
>
> And I go, No, Rudy [Mendez], I don't want to get into it due to the fact that I don't have a license.  I guess Rudy [Mendez] told Mrs. Billings, and then that's what . ..
>
> Escalante Deposition, p. 25, lines 16 – 19.

6

Similarly, Defendant responded as follows to Plaintiff's Interrogatory No. 14 asking Defendant to "describe in complete and specific details all representations you made to Plaintiff with regard to your ability to perform roofing work/repairs on her home:

> Told them I didn't have license but would get work done. So I got a sub who had the experience.
>
> *See* Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions to Defendant attached as Exhibit F to Plaintiff's Motion for Summary Judgment.

At the final hearing on the Motion for Summary Judgment, Defendant consistently maintained that he told Rudy Mendez that he did not have a license to do the roofing work, that he thought he had also told Plaintiff that he did not have the proper license, but that if he hadn't specifically told Plaintiff, he assumed that Mr. Mendez would have informed her and had a reasonable basis to make that assumption.

These statements are sufficient to create a genuine dispute of fact as to a material element of Plaintiff's non-dischargeability claim. In order to rely on Defendant's alleged false pretenses that he held the appropriate license to perform roofing work and repairs, Plaintiff necessarily must not have known that he was unlicensed. "[A] person cannot rely on a representation if 'he knows that it is false or its falsity is obvious to him.'" *In re Apte,* 180 B.R. 223, 229 (9th Cir. BAP 1995), *aff'd,* 96 F.3d 1319 (9th Cir. 1996)(quoting *In re Kirsh,* 973 F.2d 1454, 1458 (9th Cir. 1992)(per curiam)(quoting *Restatement (Second) of Torts* §§ 545A. 541 (1977)). Here, if Plaintiff in fact knew that Defendant did not have a license to perform roofing work and repairs but nevertheless chose to hire him, she could not have been deceived by any implied misrepresentation. Similarly, if the Defendant disclosed the fact that he did not hold the required license to perform the work, such disclosure tends to negate the intent to deceive

7

element necessary to a determination of non-dichargeability.  Whether Defendant disclosed the fact that he did not hold the required license to perform the work and whether Plaintiff knew that Defendant was not properly licensed are material facts.  And because the affidavit testimony on this fact issue offered in support of Plaintiff's Motion for Summary Judgment is in direct conflict with Defendant's deposition testimony, the Court necessarily must weigh the credibility of the witnesses to resolve this disputed material fact.[9]

Plaintiff's Motion for Summary Judgment and supporting affidavit raise other alleged misrepresentations or false pretenses not specifically raised in her Complaint.  These additional allegations include:  1) Defendant's failure to inform Plaintiff that he intended to subcontract the work to Raul Tena, who was not licensed to perform roofing work; 2) Defendant's representation to Plaintiff that Raul Tena is "the best roofer in town;" and 3) Defendant's failure to inform Plaintiff that he did not have the appropriate license to subcontract the work.   Allegations 1) and 3) both relate to whether Defendant failed to inform Plaintiff that he was not licensed to perform the work.  Whether Defendant disclosed or Plaintiff knew that Defendant did not hold the required license(s) is subject to a genuine issue of material fact.

Whether Defendant failed to inform Plaintiff that he intended to subcontract the work might also constitute an implied misrepresentation to Plaintiff that he would do the work without retention of a subcontractor.  However, there is no evidence before the Court that it was important to Plaintiff whether Mr. Tena was an employee or subcontractor or that she relied to her detriment on a representation that Mr. Tena was an employee.  The parties do not dispute that

---

[9] *See In re Rafter Seven Ranches, L.P.,* 414 B.R. 722, 737 (10th Cir. BAP 2009)(noting that "[o]rdinarily in the summary judgment context, a trial court 'may not make credibility determinations or weigh evidence.'")(quoting *Gossett v. Okla. ex rel. Bd. of Regents,* 245 F.3d 1172, 1175 (10th Cir. 2001)).  *See also, Grochocinski v. Rieger ( In re KJK Const. Co., Inc.),* 414 B.R. 416, 427 (Bankr.N.D.Ill. 2009)(stating that "the Court's assessment of the credibility of witness testimony is improper at the summary judgment stage[ ]" and noting further that the court "cannot weigh conflicting evidence or decide which version of the facts is more credible" on a motion for summary judgment)(citing *Payne v. Pauley,* 337 F.3d 767, 771 (7th Cir. 2003)).

8

Defendant did not do the work; Mr. Tena did. Plaintiff allowed Mr. Tena to perform the work on her property.

Defendant's representation that Mr. Tena was "the best roofer in town" is the type of comment best characterized as puffing.[10] Mere puffing is not generally sufficient to support a claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A).[11] In addition, it appears that the comment regarding Defendant's opinion of Mr. Tena's reputation may have been made after Plaintiff entered into the contract with Defendant; consequently, the statement could not have induced Plaintiff to enter into the contract.

Because a genuine dispute exists as to whether Plaintiff knew that Defendant was not properly licensed for the work Plaintiff entered into the contract with Defendant to perform, Plaintiff is not entitled to summary judgment on her claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A). An order consistent with this memorandum will be entered.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

---

[10] Puffing is defined as "[t]he expression of an exaggerated opinion – as opposed to a factual representation – with the intent to sell a good or service. Puffing involves expressing opinions, not asserting something as fact. Although there is some leeway in puffing goods, a seller may not misrepresent them or say that they have attributes that they do not posses." Black's Law Dictionary (7th edition 1999), p. 1247.

[11] See Brown v. Cozart (In re Cozart), 2009 WL 1259333, *4 (Bankr.W.D.Ark. 2009)(finding that defendant's statement regarding his ability as a 'quality builder' and other similar statements "could be considered to be nothing more than 'puffing' or promotion" and were not, therefore, "false statements sufficient to meet the scienter [defendant's intent to deceive] required under § 523(a)(2)(A)."); Rezin v. Barr (In re Barr), 194 B.R. 1009, 1018 (Bankr.N.D.Ill. 1996)(finding that defendant's representation that he was a builder of 'custom homes' was not a misrepresentation, and that such assertions "were more marketing hyperbole . . . close to what has been called 'mere puffing'"); Alvine v. Keller (In re Keller), 72 B.R. 599, 602 (Bankr.M.D.Fla. 1987)(finding that defendants' representation that they enjoyed an excellent reputation in the community for the construction of single-family residences was mere puffing, not fraudulent; consequently such representation could not support a claim under 11 U.S.C. § 523(a)(2)). But see Kadlecek v. Ferguson (In re Ferguson), 222 B.R. 576, 585-587 (Bankr.N.D.Ill 1998)(finding that defendant-home builder's representation to plaintiff-homeowner that her home would be built to "Code Plus" standards was more than mere "puffing" and could support a non-dischargeability claim under 11 U.S.C. § 523(a)(2)(A)); Pruett v. Moon (In re Moon), 1997 WL 34625685, *16 (Bankr.E.D.Va. Dec. 17, 1997)(acknowledging that a defendant's claim of "'vast experience' might be considered mere puffing in some situations," but concluding that such claim was actionable as a misrepresentation under 11 U.S.C. §523(a)(2)(A) when considered under the totality of the circumstances, including the defendant's statement that he was a "'well-qualified, bona fide contractor'").

9

Date entered on docket: June 29, 2011

COPY TO:

**Matthew Glenn Watson**
Watson Law Office, LLC
Attorney for Plaintiff
PO Box 2183
Mesilla Park, NM 88047

**Theodore G Escalante**
5122 Answer Dr
Las Cruces, NM 88012